UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

HEATHER T.[1],                              )
                                            )
    Plaintiff,                         )
                                            )
v.                                          )     CIVIL NO. 1:21cv291
                                            )
KILOLO KIJAKAZI, Acting                     )
Commissioner of Social Security,            )
                                            )
    Defendant.                         )

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, and for Supplemental Security Income (SSI) under Title XVI of the Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ."  42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2024.

2

2. The claimant has not engaged in substantial gainful activity since January 1, 2018, the amended alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: A history of ventral/incisional hernia, status post hernia repair/small bowel resection surgery and subsequent laparoscopic cholecystectomy, a history of various gastrointestinal problems variously described as nausea/vomiting/diarrhea/GERD/peptic ulcer disease/diverticulosis/gastroenteritis/colitis, hypothyroidism, asthma/COPD with a history of nicotine dependence, mild to moderate obesity, and depression (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment, or combination of impairments, that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can engage in only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, crawling; never climbing ladders, ropes, scaffolds; needs to avoid concentrated exposure to extreme cold, heat, humidity, wetness and pulmonary irritants, including fumes, odors, dust, gases, poorly ventilated areas and chemicals. Mentally, she should not perform fast-paced assembly-line type of work.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on January 14, 1973 and was 45 [sic] years old, which is defined as a younger individual age 18-44, on the amended alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2018, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 18-26).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on February 13, 2022. On May 23, 2022 the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ erred in not incorporating the limiting effects of all of her impairment, and in not considering the combined impact of all of her impairments. Specifically, Plaintiff contends that she would have excessive work breaks and absences due to her diarrhea, nausea, and vomiting.

It is Plaintiff's burden to establish that she had medical problems resulting in disabling, work-related functional limitations. *Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010). It is the ALJ's province to resolve conflicts and ambiguities in the evidence. *Ehrhart v. Sec'y of Health and Human Servs.*, 969 F.2d 534, 541 (7th Cir. 1992).

Here, Plaintiff has failed to show that she has greater functional limitations than those found by the ALJ. State agency psychologists Drs. Horton, Psy.D., and Unversaw, Ph.D., both reviewed the evidence and opined that Plaintiff did not have any "severe" mental impairment, as defined at 20 C.F.R. §§ 404.1522, 416.922 (Tr. 93, 120-21). State agency physicians Drs. Sands and Brill both reviewed the evidence and opined that Plaintiff was limited to light work with no more than occasional climbing of ramps/stairs, balancing, stooping, kneeling, crouching, or crawling; no climbing of ladders/ropes/scaffolds; and avoidance of humidity and of concentrated exposure to extreme heat/cold or to fumes, odors, dusts, gases, and poor ventilation (Tr. 95-96, 122-23). There were no other medical opinions as to Plaintiff's functional limitations.

Acknowledging the opinion evidence, the ALJ gave Plaintiff the benefit of the doubt and assessed greater functional limitations (Tr. 24-25). Specifically, while the ALJ found the medical opinion evidence somewhat persuasive, the ALJ noted that Plaintiff's subjective symptoms and her obesity further limited her to sedentary work (Tr. 24). Plaintiff has not identified or produced any medical opinion evidence of greater functional limitations than those found by the ALJ.

Plaintiff argues that her diarrhea, vomiting, and nausea were so extreme as to result in disabling functional limitations. Specifically, she notes the vocational expert's testimony as to employer tolerances for absences and then recounts her testimony as to her diarrhea, vomiting, and nausea. She stated that she experienced vomiting and diarrhea "all the time" and asserts that she would have excessive absences.

However, again, Plaintiff's argument fails because she failed to produce medical opinion evidence of greater functional limitations than those found by the ALJ. State agency physicians Drs. Sands and Brill considered Plaintiff's diarrhea, vomiting, and nausea (Tr. 96, 123) and did not opine that Plaintiff had disabling functional limitations; indeed, they opined that Plaintiff was more functional than ultimately found by the ALJ (Tr. 94-96, 122-24).

Additionally, the ALJ noted that, after the opinions of Drs. Sands and Brill, the medical evidence indicated some improvement (Tr. 23; see Tr. 1803 (Feb. 2020: Plaintiff denying nausea, vomiting, and diarrhea), 1934 (Apr. 2020: Plaintiff denying current nausea, vomiting, diarrhea), 979 (Aug. 2020: Plaintiff denying vomiting but complaining of diarrhea)). To the extent Plaintiff seeks to rely on her own testimony as to subjective symptoms, the Commissioner notes that Plaintiff has not challenged the ALJ's credibility finding, which was based, in part, on the normal examination findings (despite her complaints); on Plaintiff's own denials of nausea, vomiting, and diarrhea (despite her allegations of experiencing these "all the time"); and on the medical opinion evidence (which acknowledged these problems but did not suggest that Plaintiff would have excessive work absences)) (Tr. 22-23).

Substantial evidence supports the ALJ's findings as to Plaintiff's functional limitations, and this Court declines Plaintiff's invitation to reweigh the evidence. *See Grotts v. Kijakazi*, 27

F.4th 1273 (7th Cir. 2022) ("this would be no less than substituting our judgment for that of the ALJ's, an impermissible step"). As there is no basis on which to remand this matter, the decision will be affirmed.

Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby AFFIRMED.

Entered: August 15, 2022.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court